**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ROBERT CRAIG MACLEOD,

                Plaintiff,

vs.                                                 Case No. 3:14-cv-830-J-32JBT

GOVERNOR RICK SCOTT, et al.,

                Defendants.

## ORDER

This case is before the Court on pro se plaintiff's Verified Motion for FRAP Rule 8 Injunction Pending Appeal (Doc. 23) in which he seeks an injunction to stay execution of a state court Writ of Possession served on him on September 30, 2014.[1]

Federal Rule of Appellate Procedure 8(a)(1)(A) and (C) permit a party to seek relief in the district court to secure an order staying a judgment or order pending appeal or when seeking an order granting an injunction while an appeal is pending. Likewise, Rule 62(d) of the Federal Rules of Civil Procedure permits this Court, in its discretion, to grant an injunction during the pendency of an appeal from a final judgment which grants, dissolves or denies an injunction.

Similar to the standard for securing a preliminary injunction, to secure a stay or an injunction pending appeal, the moving party must demonstrate (1) a strong showing of the

---

[1] It appears the writ was to take effect on or after October 1, 2014, at 8:48 a.m. See Doc. 23, Appendix 16. Macleod signed his motion on October 2 and the Court assumes he had not yet been evicted. The motion arrived at the Clerk's Office in this afternoon's mail. It is possible that the motion is now moot; in case it is not, the Court issues this ruling.

likelihood of success on the merits; (2) that the moving party will be irreparably injured absent the relief; (3) that the issuance of the stay or injunction will not substantially injure the other parties interested in the proceeding; and (4) that the public interest will not be adversely affected by the requested relief.  Hilton v. Braunskill, 481 U.S. 770, 776 (1987) (setting forth standard for stay pending appeal); compare Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (setting forth standard for entry of preliminary injunction).

The Court's prior orders explain why Macleod is not entitled to the relief he seeks in bringing this lawsuit, which the Court was compelled to dismiss for lack of subject matter jurisdiction.  Thus, the Court cannot find that he demonstrates a strong showing of the likelihood of success on the merits and his request for an injunction pending appeal (Doc. 23) is therefore **denied**.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of October, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

pro se plaintiff

2